```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION

UNITED STATES OF AMERICA     :
                             :    CRIMINAL ACTION
              v.             :
                             :    NO. 1:13-CR-00076-RWS-ECS-2
ANDREW MONROE                :
```

### REPORT AND RECOMMENDATION

#### I.
#### Matters Before the Court

This criminal action is before the Court on the Defendant's preliminary motion to dismiss the indictment, [Doc. 26], and Defendant's motion to dismiss Count Nine of the indictment on the grounds of multiplicity. [Doc. 27]. The motions are fully briefed and ready for a report and recommendation to the district judge.

#### II.
#### The Preliminary Motion to Dismiss Indictment

A. The Issues

In the preliminary motion to dismiss the indictment, Defendant submits that the transactions that form the basis for the charges of conspiracy to attempt to distribute cocaine (Count Nine); attempt to distribute cocaine, on or about November 5, 2012, (Count Ten); attempt to interfere with commerce by extortion, on or about November 5, 2012, (Count Eleven); attempt to distribute cocaine, on or about December 7, 2012, (Count Twelve); and attempt to interfere with commerce by extortion, on or about December 7, 2012, (Count Thirteen), were merely staged transactions that did not involve any actual drugs. Defendant argues that, as a consequence, there was no

actual or potential effect on interstate commerce necessary to sustain jurisdiction over these counts. [Doc. 26 at 3-5].

The government responds by citing <u>United States v. Holland</u>, 503 F. App'x 737, 743 (11th Cir. 2013) (per curiam), arguing that the interstate nexus is satisfied by evidence of the potential impact on interstate commerce recognized even where the intended victims and drugs were fictitious and the transactions were pretenses. [Doc. 77 at 2]. The government also cites <u>United States v. Verbitskaya</u>, 406 F.3d 1324, 1325 (11th Cir. 2005); <u>United States v. Jubiel</u>, 377 F. App'x 925, 930 (11th Cir. 2010) (per curiam); <u>United States v. Taylor</u>, 480 F.3d 1025, 1027 (11th Cir. 2007); and <u>United States v. Eaves</u>, 877 F.2d 943, 946 (1989).

B. <u>Discussion</u>

Defendant is charged in Counts Nine, Ten, and Twelve with conspiracy to distribute cocaine and with two substantive offenses of attempt to distribute cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(B), and 846. As a preliminary matter, it bears noting that there is no question that "possession and sale of illegal drugs impacts upon interstate commerce." <u>Holland</u>, 503 F. App'x at 743 (quoting <u>United States v. Bernard</u>, 47 F.3d 1101, 1103 (11th Cir. 1995) (per curiam)). Furthermore, it is well established that a conviction for conspiracy to distribute and attempt to distribute illegal drugs under 21 U.S.C. §§ 841 and 846 can be sustained even where the drugs involved in the government sting were fictitious. See <u>Taylor</u>, 480 F.3d at 1027. The interstate

2

nexus may be met by the potential impact on interstate commerce, measured at the time of the attempt, "based on the assumed success of the intended scheme." United States v. Farrell, 877 F.2d 870, 875 (11th Cir. 1989).

In Counts Eleven and Thirteen, Defendant is charged with attempted Hobbs Act extortion under 18 U.S.C. §§ 2 and 1951(a). The Hobbs Act prohibits obstructing, delaying, or affecting commerce by robbery or extortion, or attempting to do so. 18 U.S.C. § 1951(a). The two required elements for a substantive Hobbs Act conviction are "[extortion] and an effect on [interstate] commerce." United States v. Rodriquez, 218 F.3d 1243, 1244 (11th Cir. 2000) (per curiam). As noted above, the interstate nexus for "[a] Hobbs Act conspiracy can be proved by showing a *potential impact* on interstate commerce." Verbitskaya, 406 F.3d at 1335 (emphasis in original). And "[a] sufficient potential impact exists where there is evidence of 'a plan to embark upon a course of extortionate behavior likely to have the natural effect of obstructing commerce.'" Farrell, 877 F.2d at 875 (quoting United States v. Gupton, 495 F.2d 550, 551 (5th Cir. 1974)).[1] "The fact that the intended victims and narcotics were fictional is irrelevant." Taylor, 480 F.3d at 1027.

---

[1] Fifth Circuit decisions rendered prior to October 1, 1981, are binding precedent on courts of the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

C. Conclusion

Defendant concedes, somewhat reluctantly, that "if precedent is used a case can be made" that the interstate commerce nexus is satisfied here. [Doc. 83 at 6]. Nevertheless, he argues, citing to a different Hobbes,[2] that existing precedent was not "well-done" and should, in effect, be "un-done." [Id.]. The undersigned declines the invitation to disregard the precedent, however, and recommends, based upon the above authority, that the preliminary motion to dismiss the indictment be **DENIED**.

### III.
### The Motion to Dismiss Count Nine

A. Contentions

Defendant moves to dismiss Count Nine on the grounds of multiplicity. In support of this argument, Defendant argues that Counts Ten and Twelve, charging Defendant with two substantive counts of attempt to distribute cocaine, require the same proof as Count Nine, charging Defendant with conspiracy to distribute cocaine. [Doc. 27 at 2]. The government responds that each of the counts charges different crimes with different elements and, thus, are not multiplicitous. [Doc. 78 at 2-3].

B. Multiplicity

"An indictment is multiplicitous if it charges the same offense in more than one count." United States v. De La Mata, 266 F.3d 1275,

---

[2] Thomas Hobbes (1588-1679).

4

1288 n.12 (11th Cir. 2001) (citing United States v. Sirang, 70 F.3d 588, 595 (11th Cir. 1995)). "When the government charges a defendant in multiplicitous counts, two vices may arise. First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes —— not one." United States v. Smith, 231 F.3d 800, 815 (11th Cir. 2000) (quoting United States v. Langford, 946 F.2d 798, 802 (11th Cir. 1991)).

The Blockburger test is used to determine whether two counts are multiplicitous. Blockburger v. United States, 284 U.S. 299 (1932). Under Blockburger, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." Id. at 304; see also Baker v. Gearinger, 293 F.3d 1353, 1354 (11th Cir. 2002) (per curiam); United States v. Howard, 918 F.2d 1529, 1532-33 (11th Cir. 1990).

### C. Discussion

In the present case, in order to prove conspiracy to distribute controlled substances as charged in Count Nine, the government must prove that: (1) two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute controlled substances; (2) the Defendant knew the unlawful purpose of the plan

5

and willfully joined in it; and (3) the object of the unlawful plan was to distribute the controlled substance. Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction 100 (2010). Counts Ten and Twelve, on the other hand, both charge an attempt, that is, that Defendant (1) intended to commit the crime of distribution of controlled substances; and (2) Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime. Eleventh Circuit Pattern Jury Instructions (Criminal), Special Instruction 11 (2010).

Clearly, Count Nine charges a separate offense of conspiracy and requires that the government prove an agreement to accomplish a shared and unlawful plan, an element which is not required for proof of the substantive attempt counts. It is furthermore well established that conspiracy is a separate offense from such substantive offenses. See Callanan v. United States, 364 U.S. 587, 591-95 (1961) (indictment charging obstruction of commerce by extortion and conspiracy to obstruct commerce by extortion not multiplicitous); see also United States v. Felix, 503 U.S. 378, 391 (1992) (recognizing "established doctrine" that conspiracy and substantive offenses separate); United States v. Eley, 968 F.2d 1143, 1145-46 (11th Cir. 1992). Count Nine is not, therefore, multiplictous.

    D. Conclusion

The motion to dismiss Count Nine based upon multiplicity should

6

be **DENIED**.

## IV.
### Recommendations

**IT IS RECOMMENDED** that the preliminary motion to dismiss, [Doc. 26], and the motion to dismiss Count nine based on multiplicity, [Doc. 27], be **DENIED**.

It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this case be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED AND RECOMMENDED**, this 8th day of September, 2014.

*S/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)